# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-0407V
Filed: June 28, 2019
UNPUBLISHED

| | |
|---|---|
| RONALD WAGNER,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs;<br>Administrative Time; Hotel Costs;<br>Meal Costs. |

*Michael G. McLaren*, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for petitioner.
*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On March 22, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccine he received on November 23, 2015, and that he experienced residual effects of this injury for more than six months. Petition at 1, 4. On February 5, 2019, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 46.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 2, 2019, petitioner filed a motion for attorneys' fees and costs.  ECF No. 51.  Petitioner requests attorneys' fees in the amount of $31,569.90 and attorneys' costs in the amount of $2,949.23.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  ECF No. 51-3.  Thus, the total amount requested is $34,519.13.

On May 23, 2019, respondent filed a response to petitioner's motion.  ECF No. 52.  Respondent states that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**I.      Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

2

**II.     Attorneys' Fees**

   A. Hourly Rates

      i.     Michael McLaren

Petitioner requests the following rates for attorney Michael G. McLaren; $425 for work performed in 2016, $440 for work performed in 2017, $456 for work performed in 2018 and $473.00 for work performed in 2019.  For the 2016 – 2018 hourly rates, the undersigned finds no cause to reduce these rates as they have been previously awarded. Regarding the requested 2019 rate, this amount exceeds the range for attorneys with over 31 years' experience.[3]  The undersigned reduces the requested 2019 for Mr. McLaren to $464 per hour. This reduces the request for attorneys' fees in the amount of **$8.10**.

   B. Excessive and Duplicative Billing

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *See Sabella*, 86 Fed. Cl. at 209.   Billing records show that three attorneys, including two partners, and two law clerks billed time in this matter. Together the staff billed 68 separate line item entries reviewing the electronic notifications of filings on the Court's docket.  This resulted a total of 9.7 hours billed or $3,092.80, in time billed reviewing the notifications. The motion for attorney fees does not include supporting documentation to support the necessity of having multiple people review and notate the same notifications.

The undersigned also finds that the total number of hours billed by the attorneys, law clerks and paralegals regarding their internal communications to be excessive. Over 17 hours was billed for the attorneys and law clerks to discuss the case amongst themselves, draft and read internal emails, inter office meetings, developing case strategies, and preparing instructions for staff and plans to proceed with the case. Examples of these entries include:

- December 22, 2016 (0.10 hrs) "Email correspondence to Chris Webb and Carmen Garcia regarding requesting medical records"

---

[3] The schedule for 2019 is available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914

- January 5, 2017 (0.10 hrs) "Correspondence to Samantha Ward regarding issue with release"
- January 10, 2017 (0.30 hrs) "Go over the issues, the problems the case, and discuss with Chris Webb"
- January 30, 2017 (0.40 hrs) "Assist with development of case theory, strategy and plan"
- October 17, 2017 (0.10 hrs) "E-mails to Chris Webb and Carmen Garcia with Devlin updates and information on new provider"
- November 28, 2017 (0.10 hrs) "Confer with staff regarding statement of completion"
- December 7, 2017 (0.20 hrs) "Intra-office meeting with staff to discuss path forward, where we stand now, necessary activity and impending dates"
- May 7, 2018 (0.10 hrs) "Conference with Christ Webb regarding case status, today's deadlines, etc."

ECF No. 51-2 at 1-4, 11, 13-14 and 17.[4]

C. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Examples of these entries include:

- December 27, 2016 (0.10 hrs) "Work on scanning"
- January 9, 2017 (0.10 hrs) "Work on scanning and saving documents to subfile"
- January 17, 2017 (0.10 hrs) "Work on creating file folder for James Devlin, MD"
- March 22, 2017 (0.10 hrs) "Receive, review and note filing payment receipt"
- October 16, 2017 (0.20 hrs) "Refax requests to providers"
- October 17, 2017 (0.20 hrs) "Phone call to Dr. Devlin's office to pay invoice for medical records via credit card"
- October 23, 2017 (0.10 hrs) "Receipt and review of processing update from MRO; Work on scanning and saving"
- November 8, 2017 (0.20 hrs) "Work on paying invoices online"

---
[4] These are examples and not an exhaustive list.

4

ECF No. 51-2 at 1-3, 7, and 11-12.[5]

For the reasons listed above, the undersigned finds a reduction of fees appropriate. The undersigned reduces the overall request for attorneys' fees by 5%, for a total reduction of **$1,578.09**.

## II. Attorney Costs

Petitioner seeks $2,949.23 in attorneys' costs that include costs for travel, medical records, postage and filing. Upon review the undersigned notices several issues regarding the amount of costs requested for reimbursement including costs for airfare, meals and incidentals.

### A. Hotel Rates and Valet Parking

Attorney Chris Webb, traveled from Memphis, TN to Pittsburgh, PA, to met with the client from February 27 – March 1, 2017. For his hotel stay, Mr. Webb is requesting a total of $577.69 in reimbursement for his hotel stay at the Westin Hotel & Resorts, Pittsburgh, Pennsylvania on February 27 and 28, 2017. The receipts submitted show nightly rate of $204.82, which exceeds the per diem rate for a hotel stay for 2017.[6] The undersigned reduces the nightly rate to the per diem costs of $129 per night. This reduces the request for attorney costs in the amount of **$151.64**.[7]

During his stay in Pittsburgh, Mr. Webb used valet parking at the hotel at a cost of $26.00 per day, plus tips, for a total of $72.00. ECF no. 51-2 at 23 and 35. Special Masters have previously declined to compensate counsel for valet parking absent a showing of necessity. *See Kreten v. Sec'y of Health and Human Services,* No. 15-0504V, slip op. at 8 (Fed. Cl. Spec. Mstr. Nov. 30, 2018) (reducing the costs incurred for valet parking when counsel "failed to substantiate why it was necessary to valet park her car each day she was there when other parking arrangements were no doubt available and less expensive."). The undersigned reduces the request for attorneys' costs by **$72.00**.

### B. Meals

Just as with the hotel rates, Mr. Webb exceeded the daily per diem rate for meals, including purchasing extravagant meals such as a meal The Capital Grille in Pittsburgh, Pennsylvania for $103.42. ECF No. 68-2 at 54. On February 27, 2017 Mr.

---

[5] These are examples and not an exhaustive list.

[6] See GSA FY 2017 Per Diem Rates for Pittsburg, Pennsylvania at https://www.gsa.gov/travel/plan-book/per-diem-rates.

[7] This amount consists of $204.82 - $129 = $75.82 x 2 nights = $151.64.

5

Webb spent $65.10 on meals, on February 28, 2017 he spent $110.89 on meals and on March 1, 2017, Mr. Webb spent $21.30 in meals.  *Id.* at 51-2 at 30 and 35.  For Pittsburgh, Pennsylvania the 2017 per diem on meals is $40.50 on the first and last day of travel and $54 for each day during travel.[8]  Other special masters have previously reduced Black McLaren attorneys, Mr. Webb included, for excessive expenditures on meals during travel.  *Reichert v. Sec'y of Health & Human Servs.* No. 16-0697V, 2018 WL 3989429, at *4, (Fed. Cl. Spec. Mstr. December 4, 2018), *Dempsey v. Sec'y of Health & Human Servs.,* No. 04-0394V, 2017 WL 6343870, at *9 (Fed. Cl. Spec. Mstr. November 16, 2017), *Mohr v. Sec'y of Health & Human Servs.*, No. 16-1139V, Slip Op. *at* 28, *2.  The meals purchased on March 1, 2017 are within the per diem and awarded herein. For the meals purchased on February 27 and 28th the undersigned reduces the costs to the appropriate per diem rate, resulting in a reduction of the request for attorneys' costs in the amount of **$81.49**.[9]

### IV.   Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

| | |
|---|---:|
| Requested attorneys' fees: | $31,569.90 |
| Reductions: | -  1,586.19 |
| **Adjusted Fees Total:** | **$29,983.71** |
| Requested attorney costs: | $2,949.23 |
| Reductions: | -   305.13 |
| **Adjusted Costs Total:** | **$2,644.10** |

**Accordingly, the undersigned awards the total of $32,627.81[10] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Michael G. McLaren.**

---

[8] See GSA FY 2017 Per Diem Rates for Pittsburg, Pennsylvania at https://www.gsa.gov/travel/plan-book/per-diem-rates.

[9] This amount consists of ($65.10 - $40.50 = $24.60) + ($110.89 - $54.00 = $56.89) = $81.49.

[10] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[11]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.